UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM D. HAMBY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CV-486-HSM-DCP |
| TONY PARKER, CORIZON CORPORATION, DR. OLROID, AMANDA HYNES-SIMMS, CORPORAL NICHOLS, KEN HUTCHINSON, and KEVIN PEDDICORD, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction, has filed a pro se complaint for violations of his civil rights pursuant to 28 U.S.C. § 1983 alleging that an inmate who is not supposed to be in the mental health unit where Plaintiff is housed has threatened him and that certain Defendants hired this inmate to commit harm on Plaintiff and the other inmates [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. The United States District Court for the Middle District of Tennessee transferred this action to this Court after granting Plaintiff leave to proceed *in forma pauperis* [Doc. 10]. However, in doing so, the Middle District did not address the fact that Plaintiff had filed more than three civil rights actions while he was incarcerated that were dismissed for failure to state a claim before filing this lawsuit [*Id.*].

Accordingly, for the reasons set forth below, this Court will **REVOKE** the Middle District's grant of permission for Plaintiff to proceed *in forma pauperis*, **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2], and **DISMISS** this action without prejudice to Plaintiff prepaying the filing fee.

## I. SECTION 1915(g)

Section 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA") provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

Prior to filing his complaint in this case, Plaintiff had filed more than three actions while he was incarcerated that were dismissed for failure to state a claim. *See, e.g., Hamby v. Rhude*, No. 3:19-CV-97-RLJ-HBG [Doc. 6] (E.D. Tenn. Apr. 5, 2019) (noting Plaintiff's previous dismissals under § 1915(g) in *Hamby v. Rhude*, No. 3:19-CV-212, 2019 WL 149172, at *1 (M.D. Tenn. Apr. 3, 2019) (citing four prior cases in Middle District that were dismissed for failure to state a claim—specifically: *Hamby v. Lingle*, No. 3:12-CV-0942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-CV-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-CV-96 (M.D. Tenn. Apr. 10, 2013); and *Hamby v. Thomas*, No. 3:13-CV-0127 (M.D. Tenn. Feb.19, 2013)).

## II. IMMINENT DANGER

Accordingly, Plaintiff may not proceed *in forma pauperis* in this action unless his complaint adequately alleges that he was in "imminent danger of serious physical injury" at the time that he filed his complaint. 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

The allegations in the complaint that the Court can plausibly infer to assert that Plaintiff was in imminent danger of serious physical injury are his allegations that he has direct contact

with an inmate who has both disciplinary write-ups and a state case for assault on jail staff in which Plaintiff is a witness and this inmate has threatened Plaintiff, including threatening to poison Plaintiff's food [Doc. 1 p. 2–3]. Plaintiff specifically alleges that this inmate threatened him at the direction of the "staff" and that "Nichols (cpl./corporal) was told by Dr. Olroid and (unit manager) Peddicord, and Amanda Hynes-Simms, and (Warden) Ken Hutchinson to hire [this inmate], as a worker, to commit harm upon us[] (and my food trays, etc.) as he was ordered to. (*Food samples sent to outside (Quantico) agency for analysis)" [Doc. 1 p. 2–3]. Plaintiff also alleges that Defendants' "history of aiding [and] abetting gang members in the commission of crimes is well[-]proven" and that Defendants are angry at Plaintiff because of his lawsuits, "official oppression charges," and "past info on a gang" [*Id.* at 4].

However, Plaintiff's allegations regarding imminent danger are "irrational and wholly incredible."[1] Accordingly, they are insufficient to allow Plaintiff to proceed under the imminent danger exception to § 1915(g). *Rittner*, 290 F. App'x at 798 (affirming district court's holding that prisoner could not proceed *in forma pauperis* under the imminent danger exception to § 1915(g) where his allegations of imminent danger were "irrational or wholly incredible"); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, at 492 (6th Cir. 2012) (providing that "[a]llegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception").

### III. CONCLUSION

Accordingly:

---

[1] Adding to the incredible nature of Plaintiff's allegations is the fact that prior to filing his complaint in this action, Plaintiff had filed a complaint in this District also arising out of this same inmate's presence in the mental health unit in which he alleged that the inmate had, in fact, put feces and detergent in his food and that "staff" had allowed this, none of which Plaintiff included herein. *See Hamby v. Parker, et al.*, No. 3:19-CV-291-TAV-HBG (E.D. Tenn. filed July 10, 2019).

3

(1) The Court will **REVOKE** the Middle District's grant of permission for Plaintiff to proceed *in forma pauperis*;

(2) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **DENIED**;

(3) Plaintiff's complaint will be **DISMISSED without prejudice** to Plaintiff prepaying the filing fee pursuant to the three-strike rule of 28 U.S.C. § 1915(g); and

(4) The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE